(No. 4138— )

ALBERT C. LUTH, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 24, 1949.*

ABRAHAM B. LITOW AND J. MICHAEL MADDA, Attorneys for Claimant.

HON. IVAN A. ELLIOTT, Attorney General, and HON. WILLIAM J. COLOHAN, Assistant Attorney General, for Respondent.

ECKERT, C. J.

On November 27, 1947, the claimant, Albert C. Luth, employed by the respondent as a highway maintenance laborer in the Highway Division, Department of Public Works, while shoveling cinders from a moving highway truck on to icy patches on the roadway just north of the Northwest Highway in Des Plaines, Illinois, lost his balance and fell to the pavement. He was rendered unconscious and was immediately taken to the Des Plaines hospital. Subsequently, on the same day, he was removed to the Belmont Community Hospital where X-rays were taken. He was then allowed to return to his home.

Dr. H. W. Staple, who examined the claimant immediately following the accident, and under whose direction the X-rays were taken, found that claimant had suffered a concussion of the brain, fractures of the fourth, fifth and sixth right ribs, and coccygeal strain, with minimal coccygeal separation.

Claimant was treated by Dr. Staple for about two

months at home and returned to light work on January 20, 1948. He worked until August 10, 1948, when he complained of continual pain in his lower spine. Arrangements were then made by the respondent for an examination of claimant by Dr. H. B. Thomas, Professor Emeritus of Orthopedics, Illinois University, College of Medicine. The examination was made on August 30, 1948 and Dr. Thomas reported that X-rays disclosed hypertrophic arthritis in the lower lumbar spine and sacroiliac joints and a' rough place in the coccyx. Claimant remained under the care of Dr. Thomas until December 3, 1948, when he was discharged.

At the hearing before Commissioner Blumenthal, the claimant testified that he still experiences pain in his right arm; that it is numb when he lifts and is weak; that when he walks or climbs he tires easily, has pains in both legs which feel "numb" and "tired out". He testified that his right side and back, especially in the region of his "tail bone", are painful. He further testified that his health was normal before the accident, but that since the accident he can only do limited work, and that a fellow workman "takes the brunt" of the work.

Dr. S. F. Weiner, a specialist in orthopedics and traumatic surgery, testified on behalf of claimant. Dr. Weiner stated that he examined claimant on January 22, 1949. Clinical examination disclosed atrophy of the posterior aspect of the right chest including the shoulder blade with limitation of about fifteen degrees in the external and internal rotation. The Laseque leg raising test signs were positive on both sides aggravating pain in the back and indicating a restrictive involvement of the fascia extending down from the back to the leg. Dr. Weiner testified that X-rays showed fractures of the fourth, fifth and sixth ribs with an over-riding of approxi-

mately ¾ of an inch at the fourth rib; a coracoid process of the scapular; a distortion between the first and second sacral segments; a noticeable widening of the posterior portion of the sacro-coccygeal joint; and showed that the coccyx was bent forward. In the opinion of Dr. Weiner, the limitation of motion in claimant's right shoulder and in both legs is permanent.

At the time of the accident, claimant and respondent were operating under the provisions of the Workmen's Compensation Act of this State, and notice of the accident and claim for compensation were made within the time provided by the Act. The accident arose out of and in the course of the employment.

At the time of his injury, claimant was fifty years of age, married but had no children under sixteen years of age dependent upon him for support. His annual earnings were $2,640.00. His compensation rate is therefore the maximum of $19.50 per week.

Claimant was totally disabled from November 28, 1947 to January 19, 1948, inclusive. During that period he was paid for non-productive time $225.95. Since this was a period of 7 3/7 weeks, claimant was entitled, at a compensation rate of $19.50, to the aggregate sum of $144.85. Since he received $225.95, there has been overpayment of $81.10 which must be deducted from any award made in this case.

From the medical testimony, and from the report of the commissioner who observed claimant at the hearing, the court finds that claimant has sustained a 12½% permanent partial loss of use of his right arm and of his right and left legs. For this partial loss of use of his right arm, claimant is entitled to receive the sum of $19.50 per week for a period of 28⅛ weeks, or the sum of $548.44. For similar partial loss of use of each leg,

claimant is entitled to receive the sum of $19.50 per week for a period of 23¾ weeks, or the sum of $463.12 for each leg. Claimant is thus entitled to receive the total amount of $1,474.68, from which must be deducted $81.10, the excess payment for non-productive time.

An award is therefore made in favor of the claimant in the sum of $1,393.58, all of which has accrued and is payable forthwith.

A. M. Rothbart was employed to take and transcribe the evidence at the hearing before Commissioner Blumenthal. Charges in the amount of $51.00 were incurred for these services, which charges are fair, reasonable and customary. An award is therefore entered in favor of A. M. Rothbart in the amount of $51.00, payable forthwith.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."